**VENABLE, BAETJER AND HOWARD, LLP**
*Including professional corporations*

Two Hopkins Plaza, Suite 1800
Baltimore, Maryland 21201-2978
(410) 244-7400, Fax (410) 244-7742
www.venable.com

# VENABLE
ATTORNEYS AT LAW

OFFICES IN

MARYLAND
WASHINGTON, D.C.
VIRGINIA

Nell B. Strachan
(410) 244-7464

Direct Fax Number:
(410) 528-2829

E-mail address:
NBStrachan@Venable.com

May 20, 2003

**ELECTRONICALLY FILED**
The Honorable William D. Quarles
United States District Court for the
 District of Maryland
Garmatz Federal Courthouse
101 W. Lombard Street
Suite 3A
Baltimore, MD  21201

Re:   MEBA Pension Trust v. Nikki Summerville, et al.
         Civil No. WDQ 03-158

Dear Judge Quarles:

On May 19, 2003, I entered an appearance as counsel to Ms. Janet Summerville, one of the persons named as a respondent by MEBA Pension Trust in this interpleader action. I have reviewed the papers filed in this matter, including your letter of April 23, 2003 and the Initial Scheduling Order.

As alleged in the Complaint, this dispute pertains to the distribution of a monetary fund balance to the correct beneficiary following the death of the plan participant. This fund is an ERISA benefit. The Plan Administrator originally determined that the funds should be distributed to Ms. Janet Summerville, rejecting the claim by the other respondent, Ms. Nikki Summerville. This decision was later affirmed by the MEBA Trustees, to whom Nikki Summerville had appealed. Because this is an ERISA benefit, judicial review of determinations by the Plan Administrator is generally governed by Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989), Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228 (4th Cir. 1997) and subsequent cases. The authorities also limit the scope of judicial review to a review of the record before the Plan Administrator (see, e.g., Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994). Therefore, I believe that this matter should be resolved by a Motion (or Cross



The Honorable William D. Quarles
May 20, 2003
Page 2

Motions) for Summary Judgment, on the record before the Plan Administrator, without discovery.

    I therefore would respectfully request that the Court amend the current scheduling order and direct the respondents to file cross motions for summary judgment on or before June 13, with responses or oppositions due June 27, reply briefs due July 10, 2003, so that the matter would be ripe for decision by the Court by July 10.

    It appears that the Court designated Janet Summerville as plaintiff and Nikki Summerville as defendant in its Order dated April 1, 2003. I believe that Nikki Summerville, as the person disagreeing with the decision of MEBA, bears the burden of proof and should be re-designated as plaintiff. My client, who appeared originally without counsel, was unaware of this, and I therefore request that the 15-day time period in Your Honor's Order not bar this request.

    Thank you for your consideration of this request.

Very truly yours,

Nell B. Strachan

cc:     Jeffrey A. Wothers Esquire
        Christina A. Milnor, Esquire
        Barbara Kraft, Esquire
        Richard W. Gibson, Esquire

BA2DOCS1\215847