(410) 783-6423
Fax (410) 783-6363
camilnor@niles-law.com

May 28, 2003

The Honorable William D. Quarles, Jr.
United States Judge
United States District Court for the
District of Maryland
101 W. Lombard Street
Chambers 7C
Baltimore, MD 21201

Re: *Meba Pension Trust, et al. v. Summerville, et al.*
United States District Court
Civil Case No.: WDQ 03-158
Our File No.: 44435

Dear Judge Quarles:

This correspondence is in regard to Ms. Strachan's letter dated May 20, 2003. The above-referenced case is an interpleader action filed by MEBA Pension Trust ["MEBA"]. Ms. Strachan suggests that the parties file cross motions for summary judgment on or before June 13, with responses or oppositions due on June 27, and reply briefs due on July 10, 2003. We agree with Ms. Strachan's suggestion concerning filing cross-motions and proposed dates.

However, we do not agree with Ms. Strachan's summary of the issues and governing standards. This case involves whether a change of beneficiary was effectuated, not what standard of review applies to any action taken by MEBA. In the case at hand, there was no conclusive action by MEBA, rather, it filed an action for interpleader.

Before his death, Daniel Summerville requested a change of beneficiary form from MEBA and changed the name of the beneficiary from his sister, Janet Summerville, to his daughter, Nikki Summerville. Initially, MEBA determined that the pension trust benefits would be paid to Mr. Summerville's daughter, Nikki Summerville. MEBA changed its decision based on the location of signatures on the change of beneficiary form and notified both Janet and Nikki Summerville. The

issue at hand is whether Daniel Summerville's attempt to change the beneficiary to the plan benefits from his sister to his daughter was effective.

In each of the cases cited by Ms. Strachan, the insurer or Plan Administrator was a party to the action defending its decision to deny benefits to a member. That situation does not exist here. None of the cases cited by Ms. Strachan were interpleader actions and neither Nikki nor Janet Summerville is a plan member or has filed an action against MEBA. This case is not an appeal of a decision reached by MEBA, it is a determination of whether Daniel Summerville's clear intentions were nullified because his signature does not appear on a particular line on a change of beneficiary form.

Finally, Nikki Summerville consents to re-designating the parties so that she is the Plaintiff and Janet Summerville is the Defendant.

Thank you for your consideration.

Sincerely,

Cristina A. Milnor

CAM

cc:   Ms. Nikki Summerville
      Nell B. Strachan, Esquire
      Barbara J. Kraft, Esquire
      Jeffrey A. Wothers, Esquire