UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| MEBA PENSION TRUST, et al. | * |
|     Plaintiffs, | * |
| v. | *    Civil No. WDQ 03-158 |
| NIKKI SUMMERVILLE, et al. | * |
|     Defendants, | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

<u>JANET SUMMERVILLE'S MOTION FOR SUMMARY JUDGMENT</u>

Pursuant to Rule 56 of the Fed. Rules of Civ. Procedure, Janet Summerville ("Janet") moves the Court to enter an Order granting summary judgment in her favor and against Nikki Summerville ("Nikki"), on the following grounds:

1. There are no disputes of material fact and Janet is entitled to judgment as a matter of law.

2. As set forth in more detail in the accompanying Memorandum, Daniel Summerville ("Daniel") was, prior to his death, a Participant in the MEBA Pension Trust, pursuant to which his designated beneficiary would receive a Money Purchase Benefit ("MPB") lump sum distribution upon his death. The MEBA Pension Trust is, the parties agree, an ERISA plan. A copy of the Pension Trust is attached as Ex. 1 to the Affidavit of Allen R. Szymczak, Plan Administrator, attached hereto as Ex. A ("Plan Affidavit").

3. In 1986, Daniel designated Janet as his beneficiary for the MPB benefit. <u>See</u> Plan Affidavit at ¶ 7. Another document submitted to the Pension Trust, dated September 21, 2000, purports to designate Nikki as the beneficiary; it does not bear

Daniel's signature in connection with the purported designation, but does bear Nikki's signature. See Plan Affidavit at ¶ 8.

4. Daniel died on April 10, 2002, and the MPB then became payable to his designated beneficiary. See Plan Affidavit at ¶ 4.

5. The Plan initially determined that the benefit was payable to Janet. Nikki protested this decision, and appealed to the Trustees and Board of the MEBA Pension Trust. The Board denied Nikki's appeal, but filed this Interpleader to obtain a Court decision. Plan Affidavit at ¶¶ 10-12.

6. The Plan requires that a beneficiary be designated on the form provided by the Plan, and signed by the Participant. Id. at ¶ 5.

7. The Plan documents also provide that the Plan Administrator has discretion to "(1) interpret the terms of the Trust, the Plan, these Regulations, … and any related documents and underlying policies, and (2) determine eligibility for, and the amount of, benefits under the plan." See Section 11.04, Pension Plan Rules and Regulations, Ex. 1 to the Plan Affidavit.

8. Where the Plan documents provide that the Plan has discretion to interpret its own terms and documents, and make determinations such as eligibility for benefits, courts defer to the decisions made by Plan, unless those decisions are an abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 114 (1989); Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228 (4th Cir. 1997); Sheppard & Enoch Pratt, 32 F.3d at 124 (quoting de Nobel v. Vitro Corp., 885 F.2d 1180, 1186 (4th Cir. 1989)). Under these authorities, the courts have declined to substitute their judgment, have declined to go outside the record before the Plan Administrator, and have affirmed Plan

BA2/217592

decisions in many situations.  Elliott v. Sara Lee Corp., 190 F.3d 601 (4th Cir. 1999); Brogan v. Holland, 105 F.3d 158 (4th Cir. 1997); Webster v. Black & Decker, 33 Fed. Appx. 69, 2002 U.S. App. LEXIS 6574 (4th Cir. 2002).

9.  In this case, the Plan Administrator interpreted the Plan documents and concluded that only one properly signed designation of beneficiary form had been submitted.  It designated Janet.  The form purporting to designate Nikki was rejected as invalid because it did not bear the signature of the Participant directing that Nikki be the beneficiary.  See Plan Affidavit at ¶¶ 8, 10.

10.  The Court should defer to that conclusion.

11.  But even if the Court re-examined the record at a whole, the Court should reach the same conclusion:  the form purporting to designate Nikki does not comply with Plan requirements.  It contains no clear direction by the Participant, signed by the Participant, designating Nikki as the beneficiary.  Thus, the form provides no sound evidentiary basis for a conclusion that the Participant wanted to make a change, or that he had chosen Nikki.  There is no sound basis on which the Court could substitute the designation of Nikki for the designation of Janet.

This Motion is supported by the attached Affidavit of Allen R. Szymczak, Plan Administrator, and the accompanying Memorandum.

WHEREFORE, Janet Summerville prays that the Court enter judgment in her favor and against Nikki Summerville, each party to bear her or its own costs and counsel fees.

_____
Nell B. Strachan
Federal Bar No.: 00408
2 Hopkins Plaza
Baltimore, Maryland  21201
410-244-7464

Attorney for Defendant Janet Summerville

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this \_\_\_ day of June, 2003, copies of the foregoing Janet Summerville's Motion for Summary Judgment were electronically filed and mailed, first class, postage prepaid, to:

> Barbara Kraft, Esquire
> Richard W. Gibson, Esquire
> Beins, Axelrod, Kraft, Gleason & Gibson, P.C.
> 1717 Massachusetts Avenue, Suite 704
> Washington, D.C.  20036
> **Attorneys for MEBA Pension Trust**

and

> Jeffrey A. Wothers, Esquire
> Cristina A. Milnor, Esquire
> Niles, Barton & Wilmer, LLP
> Suite 1400
> 111 South Calvert Street
> Baltimore, Maryland  21202
> **Attorneys for Nikki Summerville**

_____
Nell B. Strachan

4