UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MEBA PENSION TRUST, et al. | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. WDQ 03-158 |
| NIKKI SUMMERVILLE, et al. | * | |
| Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM IN SUPPORT OF
JANET SUMMERVILLE'S MOTION FOR SUMMARY JUDGMENT

Janet Summerville submits this Memorandum of Points and Authorities in support of her motion for summary judgment.

**Statement of Facts**

**A. Introduction**

This is an interpleader action by the MEBA Pension Trust and its Trustees (hereinafter "MEBA" or "Plan") to obtain a judicial determination as to whether Nikki Summerville ("Nikki") or Janet Summerville ("Janet") should receive the lump sum "Money Purchase Benefit" ("MPB") payable on account of the death of Daniel R. Summerville ("Daniel"), a Plan Participant.

As alleged in the Complaint and admitted in the Answers filed by Nikki and Janet, Daniel Summerville died on April 10, 2002. Nikki is his daughter and Janet is his sister.

### B. Designation of beneficiary

Daniel executed and submitted to the Plan in 1986 a properly signed and completed designation of beneficiary form. See ¶ 14, Complaint, Affidavit of Allen R. Szymczak, Plan Administrator, at ¶ 7.

Later, in September, 2000, another designation of beneficiary form was submitted, listing Nikki as the beneficiary. Id. at ¶ 8.

### C. The Plan's actions following the death of Daniel

After Daniel's death, Nikki made a claim for the proceeds. The Plan rejected her claim, concluding that the designation of beneficiary form submitted in September 2000, was not signed by Daniel, as required by the Plan. See ¶ 15, Complaint; Plan Affidavit, ¶ 10. The Plan preliminarily determined that Janet should receive the MPB, as the beneficiary designated in the only signed form. Complaint, ¶ 15; Plan Affidavit ¶ 11. This decision was communicated by letter. Id.

From this determination in favor of Janet, Nikki appealed. See ¶¶ 20-22 of the Complaint; Plan Affidavit at ¶¶ 10-12. The Trustees of MEBA denied Nikki's appeal, concluded that Janet was "properly designated as beneficiary," (Plan Affidavit, ¶ 12), but, in order to avoid the risk of making a payment to the "wrong" beneficiary, filed this Interpleader action to obtain a court decision. Id.

Thereafter, MEBA paid the MPB funds into Court (see Order dated April 15, 2003). At the time the funds were deposited into Court, the MPB was $97,925.25.

### D. **Plan provisions**

As alleged (correctly) in the Complaint, the Plan is an employee benefit plan under ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq.

The Plan provides, in pertinent part, that the Trustees "shall have complete authority, in their sole and absolute discretion, to (1) interpret the terms of the Trust, the Plan, these Regulations, any insurance contracts or policies, and any related documents and underlying policies, and (2) determine eligibility for, and the amount of, benefits under the plan. All such interpretations and determinations of the Trustees shall be final and binding upon all parties and persons affected thereby." See Section 11.04 of the Pension Plan Rules and Regulations, MEBA Pension Trust—Money Purchase Benefit Plan, Summary Plan Description, attached as Ex. 1 to Affidavit of Allen R. Szymczak, Plan Administrator ("Plan Affidavit"), attached to Motion for Summary Judgment as Exhibit A.

The Plan also provides that Plan forms be used by Participants "to make designations and choices as to their benefits, including a form for the designation of a beneficiary for the Money Purchase Benefit." Id. at ¶ 5.

The Plan "requires that a designation of beneficiary must be signed by the Participant." Id. The Plan relies exclusively on the signed directives by the Participant, and on a properly executed designation of beneficiary by the Participant to make decisions concerning paying a benefit to a beneficiary. Id.

The Plan "has uniformly paid MPB funds only to the beneficiary or beneficiaries named" in the signed form, without exception. Id. at ¶ 6.

**Issues Before the Court**

1. What is the scope of review?

2. What is the standard of review, and should the Court give deference to the decision by the Plan in favor of Janet?

3. To whom should the Money Purchase Benefit be paid?

**Summary of Argument**

1. The scope of review should be limited to the record before the Plan Administrator.

2. The Court should give deference to the decisions and interpretations of the Plan.

3. The Money Purchase Benefit should be paid to Janet, either in deference to the Plan's requirements and its decisions as recounted above or, because the Court concludes (on a substantive review of the facts and information) that it cannot reject the only signed designation and because there is no definitive evidence that Daniel intended to make a change in the beneficiary designation.

As set forth below, the Plan had only one designation of beneficiary form signed by Daniel, the Plan Participant. This form, Exhibit 2, designated Janet.

The form submitted by Nikki, Ex. 3, was not completed by Daniel as to part B ("Beneficiary Designation"). Part B was completed by Nikki and signed by her. Thus the Plan had no signed instructions from Daniel designating Nikki as his beneficiary. The Plan therefore concluded that Daniel had not designated Nikki, and that Janet should receive the benefit. This decision was appealed by Nikki, and the Board denied the appeal.

This decision had a reasonable factual basis and should be affirmed by the Court.

## Argument

### I. The scope of review

The Court should review this matter on the record before the Plan. The judicial review of the reasonableness of the fiduciary's decision is limited to the facts known to the fiduciary at the time the decision was made. No extrinsic evidence may be considered by the Court. Bernstein v. CapitalCare, Inc., 70 F.3d 783, 788 (4th Cir. 1995); Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994); Berry v. Ciba-Geigy, 761 F.2d 1003, 1007 (4th Cir. 1985).

### II. The standard of review

The Plan description for this benefit provides for discretion by the Plan: the Trustees "shall have complete authority, in their sole and absolute discretion, to (1) interpret the terms of the Trust, the Plan, these Regulations, …, and any related documents and underlying policies, and (2) determine eligibility for, and the amount of, benefits under the plan." Section 11.04 of the Pension Plan Rules and Regulations, MEBA Pension Trust—Money Purchase Benefit Plan, Summary Plan Description, attached as Ex. 1 to Affidavit of Allen R. Szymczak. Thus the Plan has discretion to interpret the Plan documents and requirements, interpret its own forms, and determine benefits payable.

Where the Plan documents provide that the Plan administrator has such discretion, the Court should use a deferential standard of review, and defer to the Plan's decision unless there was an abuse of discretion. Ellis v. Metropolitan Life Ins. Co., 126 F.3d 228, 232 (4th Cir. 1997).

"[W]hat follows from the applicability of the abuse of discretion standard is that the trustee's interpretation of relevant provisions of the plan documents--hence the challenged denial of benefits--will not be disturbed if reasonable." Sheppard & Enoch Pratt, 32 F.3d at 124 (quoting de Nobel v. Vitro Corp., 885 F.2d 1180, 1186 (4th Cir. 1989)).

Nikki, as the person who has challenged the Plan's decision, should bear the burden of proving that the Plan's decision was an abuse of discretion and unreasonable, based on the evidence before it. Questech, Inc. v. Hartford Acc. & Indem. Co., 713 F. Supp. 956, 964 n.20 (E.D. Va. 1989).

### III. Application of standard to these facts

This is a straight-forward matter. After the death of Daniel, the Plan reviewed the designation of beneficiary on file (in favor of Janet) (Ex. 2), and examined the purported subsequent designation submitted by Nikki (Ex. 3). The Plan concluded that the MPB was payable to Janet, not Nikki, and duly notified both Janet and Nikki. Ex. 4 to Plan Affidavit.

Thereafter, Nikki appealed. The Plan reviewed the matter, and denied Nikki's appeal. This interpleader action was filed not because the Trustees viewed the evidence as inconclusive, but because they wished to avoid the risk of paying twice.

The document submitted by Nikki, Ex. 3, does not comply with the Plan requirements, in that it does not contain an executed directive by Daniel directing distribution to Nikki. In fact, Daniel completed only part of the form; he did not complete it, and the blank in the notarial clause makes it unclear what signature was intended to be notarized. There is no evidence from which either the Plan, the Trustees,

6

or the Court could conclude or verify that Daniel intended to change his beneficiary designation.  Indeed, the document submitted by Nikki looks exactly as it would if Daniel had <u>not</u> wished to make a change to his beneficiary designation.

Nikki also submitted to the Plan her own letter describing family background and circumstances and attributing certain rationales to her deceased father.  This material was rejected by the Plan, and should similarly be rejected by the Court.  Given that Daniel himself provided no evidence of his intent other than the original designation in favor of Janet, no conclusions can now be reached about his thoughts, intents, motives, feelings, etc.

In sum, all the evidence shows that only the designation of beneficiary form in favor of Janet complies with the rules and regulations of the Plan, is properly completed, and signed by the Participant.  The Plan has uniformly and without exception required that its form be completed and signed by the Participant to designate a beneficiary.  There is no basis upon which this requirement, practice and policy could be disregarded.

## IV. Conclusion

For the foregoing reasons, the Court should enter judgment in Janet Summerville's favor and against Nikki Summerville, each party to bear her or its own costs and counsel fees.

_____
Nell B. Strachan
Federal Bar No.: 00408
2 Hopkins Plaza
Baltimore, Maryland  21201
410-244-7464

Attorney for Defendant Janet Summerville

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this \_\_\_ day of June, 2003, copies of the foregoing Memorandum in Support of Janet Summerville's Motion for Summary Judgment were mailed, first class, postage prepaid, to:

Barbara Kraft, Esquire
Richard W. Gibson, Esquire
Beins, Axelrod, Kraft, Gleason & Gibson, P.C.
1717 Massachusetts Avenue, Suite 704
Washington, D.C.  20036
**Attorneys for MEBA Pension Trust**

and

Jeffrey A. Wothers, Esquire
Cristina A. Milnor, Esquire
Niles, Barton & Wilmer, LLP
Suite 1400
111 South Calvert Street
Baltimore, Maryland  21202
**Attorneys for Nikki Summerville**

_____
Nell B. Strachan