UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MEBA PENSION TRUST, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. WDQ 03-158 |
| NIKKI SUMMERVILLE, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT OF ALLEN R. SZYMCZAK

Allen R. Szymczak, Plan Administrator, MEBA Pension Trust, being first duly sworn, deposes and says:

1. I have personal knowledge of the matters and facts set forth herein and am competent to testify thereto.

2. I am, and have been since 1996, the Plan Administrator of the MEBA Pension Trust. As Plan Administrator, I have overall responsibility for administering the Pension Plan according to its Rules and Regulations. There are approximately 2244 active Plan Participants.

3. The MEBA Pension Trust includes (as one of its various benefits) a "Money Purchase Benefit" ("MPB"), which provides for, among other forms of benefit, a lump sum distribution upon the death of the plan participant. True and correct copies of the Pension Plan Rules and Regulations, MEBA Pension Trust—Money Purchase Benefit Plan and the Summary Plan Description, are attached hereto as Ex. 1 and were also

Plan and the Summary Plan Description, are attached hereto as Ex. 1 and were also attached to the Complaint filed herein as Ex. A. This Pension Trust is governed by ERISA, the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001 et seq. The Plan provides that the trustees "shall have complete authority, in their sole and absolute discretion, to (1) interpret the terms of the Trust, the Plan, these Regulations, any insurance contracts or policies, and any related documents and underlying policies, and (2) determine eligibility for, and the amount of, benefits under the plan. All such interpretations and determinations of the Trustees shall be final and binding upon all parties and persons affected thereby."

4. Daniel Summerville ("Daniel") was a Plan Participant. Daniel died on April 10, 2002. (A copy of the death certificate was attached as Ex. D to the Complaint filed herein.) Daniel was divorced at the time of his death.

5. Pursuant to Section 7.09 of the Plan's Rules and Regulations, the Plan provides various forms for use by Participants to make designations and choices as to their benefits, including a form for the designation of a beneficiary for the Money Purchase Benefit. Pursuant to Section 7.09, the Plan requires that a designation of beneficiary must be signed by the Participant. The Plans Office relies on signed directives by the Participant. The Plans Office relies solely on a properly executed designation of beneficiary by the Participant in determining whether to pay a benefit to a beneficiary.

6. The Plan has uniformly paid MPB funds only to the beneficiary or beneficiaries named in a signed designation of beneficiary form. I know of no exceptions.

2

BA2/217449

7. The Plans Office records contain a completed and properly signed form, executed by Daniel, dated October 25, 1986, designating Janet Marie Summerville, his sister, as his beneficiary. A true and correct copy of this form is attached hereto as Ex. 2. To the best of my knowledge, this form was the form in use in 1986. This is the only designation of beneficiary form signed by Daniel which the Plan has received.

8. In the latter part of 2000, the Plan received another designation of beneficiary form pertaining to Daniel's MPB account. A true and correct copy of this form is attached hereto as Ex. 3. This form, which was the form in use during 2000, contains the following sections: Section 1 (identifying the Participant) and Section 2(A) (waiving an annuity form of benefit) appear to be completed in Daniel's handwriting, signed by Daniel, and dated September 21, 2000. Section 2(B), "Beneficiary Designation," is completed in a different handwriting, and appears to be signed by Nikki Summerville on the line provided for "Participant's Signature." On the second page, the notarial clause is partially completed in a third handwriting. Nikki Summerville is not and was not a "participant" in the Plan. The signature of Daniel, the participant, does not appear in Section 2(B), in which a new designation of beneficiary could have been made. Daniel has not signed a new designation of beneficiary. The notarial clause does not indicate whose signature the notary vouches for, in that the space provided to identify the person who appeared has not been completed.

9. No other designation of beneficiary forms were received by the Plans Office.

10. After Daniel's death on April 10, 2002, on or about June 11, 2002, the Plans Office notified Nikki Summerville that the Plan would not pay her a benefit pursuant to the September 2000 beneficiary designation form because it was not signed by the

participant. A true and correct copy of the Plans Office's letter to Nikki is Exhibit E to the Complaint. A true and correct copy of Nikki's June 19, 2002 letter in response is attached as Ex. 4. As set forth in this letter, Nikki asserted that Daniel had intended to make her his beneficiary.

11. On September 12, 2002, we wrote again to Nikki, responding to her June 19, 2002, letter. A true and correct copy of our September 12, 2002, letter is attached as Ex. 5. We advised Nikki that we believed that our decision to deny Nikki's claim and pay the money purchase benefit to Janet pursuant to the signed designation was correct. We further advised Nikki that we would consider her June 19 letter to be an appeal to the Board of Trustees.

12. At their October 22-24, 2002 meeting, the Board of Trustees considered Nikki's appeal. Initially, a Subcommittee of the Board considered the competing claims for Mr. Summerville's MPB benefit by Janet and Nikki and Plan records pertaining to their claims. The Subcommittee expressed the view that Janet, the deceased's sister, was properly designated as beneficiary. However, in light of the competing claims, and in order to avoid the possibility of the Plan paying twice, the Subcommittee recommended that the funds not be disbursed to Janet, and that an interpleader claim be filed, that the MPB account balance be paid into the court, and that the court decide which of the two claimants should receive the benefit. The Board of Trustees ratified the Subcommittee's recommendation by Board decision on October 24, 2002. Ex. 6 to this affidavit is my November 8, 2002 letter notifying Nikki Summerville of the Trustees' decision.

13. I have reviewed our file for this matter, and have provided to counsel for Janet and Nikki copies of all documents pertaining to Daniel Summerville's money purchase benefit.

_____
ALLEN R. SZYMCZAK

Subscribed to and sworn before me, a Notary Public, this 10th day of June, 2003.

_____
Patty J. McLoughlin
My Commission Expires: 12/14/03