| | |
|---|---|
| **MEBA** | MEBA MEDICAL & BENEFITS PLAN |
| | MEBA PENSION TRUST |
| | MEBA TRAINING PLAN |
| | MEBA VACATION PLAN |

**BENEFIT PLANS**  1007 EASTERN AVENUE, BALTIMORE, MARYLAND 21202-4345 • (410) 547-9111

November 8, 2002

Nikki Summerville
PO Box 3113
Holiday Island, AR 72631

RE: Appeal 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

Dear Ms. Summerville:

On October 22, 2002 the Subcommittee of the MEBA Pension Trust (the "Plan") considered your request to authorize the disbursement of Daniel R. Summerville's Money Purchase Benefit ("MPB") to a person other than a properly designated beneficiary.

The Subcommittee reviewed your letter dated June 19, 2002. The Subcommittee noted that Article VII, Section 7.08(b) describes the distribution of the MPB upon the death of an eligible Employee; and Section 7.09(a) describes the Designation of a Beneficiary.

Mr. Summerville was divorced and there is no Qualified Domestic Relations Order affecting the distribution of his MPB benefit. In September 2000, the Plan Office received a beneficiary designation form naming you as the beneficiary. You, and not Mr. Summerville (as required), completed and signed the beneficiary designation section. Mr. Summerville passed away on April 10, 2002. Subsequently you applied for his MPB benefit and were denied because Mr. Summerville did not sign the section of the form naming you as beneficiary. The Plan Office determined that the 1986 beneficiary designation naming Mr. Summerville's sister remains valid. You disagree with the Plan Office's determination and have appealed the distribution of the MPB benefit to Mr. Summerville's sister.

After discussion, the Subcommittee recommended that, in its view, the deceased's sister was properly designated as the Beneficiary. Nevertheless, in light of the competing claims for Mr. Summerville's MPB benefits by you and Mr. Summerville's sister, and in order to avoid the possibility of the Plan paying twice, rather than disbursing the funds to the sister, the Subcommittee recommended that an interpleader claim be filed with a Court of proper jurisdiction, that money be paid into the Court, and that the Court decide which of the two Claimants should receive the benefit. The Plan's Board of Trustees ratified the decision on October 24, 2002. You will be notified promptly once the interpleader suit is filed with the Court.

This is to advise you that you have exhausted your remedies under the Plan's Appeal Procedure, and therefore the decision of the Trustees thereunder is now final.

Sincerely,

Allen R. Szymczak
Administrator

EXHIBIT 6