UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| NIKKI SUMMERVILLE | * | |
| Plaintiff | * | |
| v. | * | Civil No.: L03 CV 158 |
| JANET SUMMERVILLE | * | |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### AFFIDAVIT

I, Patti Summerville, make the following affidavit under oath:

1. I am over the age of 18 years.

2. I am competent to testify and have personal knowledge of the facts contained herein.

3. I currently reside at 26 Mission Hills Lane, P. O. Box 3113, Eureka Springs, Arkansas 72631.

4. I am the mother of Nikki Summerville ["Nikki"].

5. I was married to Dan Summerville ["Dan"] from August 9, 1969 until October 28, 1981.

6. After our divorce, Dan married Winifred Hart Summerville.

7. Dan and Winifred had a son, Daniel Loring Summerville ["Danny"].

8. Dan and Winifred divorced shortly thereafter.

9. Winifred remarried and asked Dan to consent to her new husband's adoption of Danny.

EXHIBIT 7

10. In 1989, Dan signed paperwork consenting to Winifred's new husband's adoption of Danny and changing his name from Danny Summerville to Danny Deane. Dan expressed to me that through his consent to the adoption, Danny now had a father in his life to provide for him.

11. Dan was an engineer and merchant seaman who frequently traveled.

12. In or around 1999, Dan was involved in a serious car accident in Hawaii.

13. Dan was injured severely and was not able to work. He lived with his mother, Angelina Summerville, in her home in San Francisco, California.

14. Dan and Janet Summerville ["Defendant"] were the only children of Angelina Summerville.

15. Dan told me on several occasions that he expected to inherit half of the significant estate of Angelina Summerville and provide for Nikki and Danny in his own will.

16. Despite our divorce, Dan and I remained close friends and often discussed how he would like to "make things right" with Nikki. He told me about the MEBA money purchase benefit ["MPB"] and his intention to designate Nikki as the beneficiary. At some time in 2000, Dan requested a form from MEBA to change the beneficiary from Defendant to Nikki.

17. I visited Dan in September of 2000 while he was in Arkansas visiting Nikki and her son. Dan told me that he and Nikki signed the change of beneficiary form for the MPB and had it notarized. He seemed very happy that he would be able to help Nikki, her son, and her unborn son due that winter.

18. About two weeks before his death, Dan and I discussed the MPB. He stated that he was happy that he was leaving the money to Nikki and her boys and felt good about making things right with her.

19. Around that same time period, Dan told me that his sister, Defendant, made him very upset by having their mother, Angelina Summerville, declared incompetent. Defendant then took over managing Angelina Summerville's affairs, against Dan's wishes. Defendant attempted to have Dan physically removed from Angelina Summerville's home before placing Angelina Summerville in a nursing home.

20. Dan and the Defendant had a very tense relationship when he died on April 10, 2002.

21. The Defendant was named as executor in Dan's will and drafted a notice waiving and relinquishing her responsibilities under the will on April 17, 2002.

22. The Defendant and Dan were two very different individuals who did not get along, especially in the last few years of Dan's life.

23. On several occasions before his death, Dan communicated to me that he was very happy to leave the money in the MPB to Nikki and his grandchildren and to be able to support Nikki after being absent for most of her childhood. He also expressed that he was happy that the money would help to send his grandchildren to college one day.

I SOLEMNLY SWEAR UNDER THE PENALTIES OF PERJURY AND UPON KNOWLEDGE THAT THE CONTENTS OF THE AFOREGOING AFFIDAVIT ARE TRUE.

_____
PATTI SUMMERVILLE

06/10/03
_____
DATE