UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **NIKKI SUMMERVILLE** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | Civil No.: L03 CV 158 |
| | * | |
| **JANET SUMMERVILLE** | * | |
| | * | |
| **Defendant** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## AFFIDAVIT

I, Nikki Summerville, Plaintiff, make the following affidavit under oath:

1. I am over the age of 18 years.

2. I am competent to testify and have personal knowledge of the facts contained herein.

3. I reside at 13 Mars Lane, Holiday, Island, Arkansas 72631.

4. I am the daughter of Daniel Summerville.

5. My father, Daniel Summerville, died on April 10, 2002 in San Francisco, California.

6. My father participated in a MEBA Pension Trust plan, which included a money purchase benefit (MPB).

7. In September of 2000, my father visited me in Holiday Island, Arkansas and stayed with me and my son, Nicholas.

8. My father informed me that he wished to provide for me, Nicholas, and my unborn child after his death by designating me as the beneficiary to his MPB.

EXHIBIT 10

9. My father expressed that he was very happy to be able to provide for me and his grandchildren after his death.

10. My half-brother, Danny, was adopted by Scott Deane, with the consent of my father, in 1989. My father predeceased my grandmother, Angelina Summerville, who is living in San Francisco, California.

11. During his visit in September 2000, my father produced a change of beneficiary form that he received from MEBA. The form did not have any instructions or directions. My father completed the form.

12. My father signed the form and directed me to sign under the section entitled "Beneficiary." I signed and the form was notarized.

13. My father stayed with me and Nicholas for five weeks and returned to San Francisco, California. He visited me again in April 2001.

14. I was able to visit with him a few more times prior to his death and he continued to express his happiness in naming me as the beneficiary to his MPB, to provide support for me and my children.

15. After my father's death in April 2002, I received a letter from MEBA notifying me that I would receive the MPB.

16. In June 2002, I received a subsequent letter from MEBA dated June 11, 2002 indicating that the change of beneficiary form was not completed correctly, rendering it void.

17. On June 19, 2002, I drafted a reply to MEBA's letter dated June 11, 2002 explaining my father's intention of designating me as the beneficiary and requesting reconsideration.

18. My aunt, Janet Summerville, drafted a letter to MEBA on or about June 21, 2002 stating that she intended to distribute the MPB to both of my father's children as described in his will, if she is the beneficiary. Janet Summerville was the executor of my father's will, but relinquished that duty by drafting a waiver of her responsibilities on or about April 17, 2002.

19. Janet Summerville and my father had a strained relationship and many disagreements on how to handle the estate of my grandmother, Angelina Summerville. Janet Summerville and my father were my grandmother's only two children. My father lived with my grandmother in her San Francisco home.

20. Just before my father's death, Janet Summerville sought to have my grandmother declared incompetent and obtained a power of attorney over my grandmother's affairs. Janet Summerville attempted to have my father physically removed from the home and my grandmother placed in a nursing home.

21. I received a reply from MEBA dated September 12, 2002 indicating that my June 19, 2002 letter would be treated as an appeal.

22. MEBA filed this Interpleader action to determine the rightful beneficiary to the MPB and I was served with the Summons and Complaint on or about January 31, 2003.

I SOLEMNLY SWEAR UNDER THE PENALTIES OF PERJURY AND UPON KNOWLEDGE THAT THE CONTENTS OF THE AFOREGOING AFFIDAVIT ARE TRUE.

*Nikki Summerville*
NIKKI SUMMERVILLE
Plaintiff

*June 12, 2003*
DATE