UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **MEBA PENSION TRUST, et al.** | * | |
| | * | |
| **Plaintiffs** | * | |
| v. | * | Civil No.: L03 CV 158 |
| **NIKKI SUMMERVILLE, et al.** | * | |
| | * | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This is an interpleader action filed by MEBA Pension Trust ["MEBA"] pursuant to Fed. R. Civ. P. 22 against Nikki Summerville ["Plaintiff"] and Janet Summerville ["Defendant"]. Daniel Summerville, a participant in MEBA's employee benefit plan, was vested in a MEBA Money Purchase Benefit ["MPB"] individual contribution account, to which Plaintiff and Defendant are competing claimants. (Complaint ¶¶ 10, 13) Jurisdiction over this claim is predicated on the Employee Retirement Income Security Act of 1974 ["ERISA"], 29 U.S.C. §§ 1132 (e)(1) and (f), 28 U.S.C. § 1331, and 28 U.S.C. § 1337. (Complaint ¶ 2)

### ARGUMENT IN RESPONSE

The issue for this Court to decide is whether the change of beneficiary by Mr. Summerville from Defendant to Plaintiff was effective. Defendant raises the questions of the scope of review and the applicable standard of review of any decision by MEBA. These issues

are not before the Court because MEBA filed an interpleader action, withdrawing from active participation in the case to allow this Court to decide the rightful beneficiary of the ERISA-regulated benefits. The dispute is between Plaintiff and Defendant.

A.   THE SCOPE OF REVIEW SHOULD NOT BE LIMITED TO THE RECORD BEFORE MEBA

Defendant argues that the scope of review should be limited to the record before MEBA at the time of its decision regarding the beneficiary of Mr. Summerville's MPB.[1] However, the Court is not presented with the question of reasonableness of MEBA's decision because MEBA did not reach a final decision. Rather, it filed this interpleader action and deposited the funds with the Court, essentially washing its hands of the matter between Plaintiff and Defendant.

In *Metropolitan Life Ins. Co. v. Costello,*[2] the insurer brought an interpleader action in order for the Court to decide the matter among the competing claimants to an ERISA-regulated benefit. Similar to Mr. Summerville, the insured signed the incorrect line on the change of beneficiary form and died before the matter was addressed. Like Defendant, one of the parties argued in its Motion for Summary Judgment that the scope of review was limited to the record before the insurer. That Motion was denied. The Court noted:

> The means of effecting a change of beneficiary is important only to the insured and the insurer and mainly for the insurer's benefit. The insurer waives precise compliance with its terms of a change of owner or beneficiary provision once it institutes an interpleader action and submits the insurance policy proceeds to the court, thereby withdrawing itself from the action.[3] In interpleader actions where two sets of individuals claim that they are entitled to the proceeds, change of beneficiary may be

---

[1] Defendant misstates the facts by noting that MEBA initially determined the MPB was to be paid to Defendant. Plaintiff received a letter on April 30, 2002 informing her that she was entitled to the MPB. (*See Exhibit 1*).
[2] No. 01-CV-1751, 2002 U.S. Dist. LEXIS 13757 (E.D.N.Y. July 25, 2002).
[3] *Costello* at *5 *quoting Provident v. Vergara,* 1995 U.S. Dist. LEXIS 14028, 1995 WL 571874 *2 (S.D.N.Y. Sept. 27, 1995), *aff'd*, 104 F. 3d 350 (2d Cir. 1996).

2

> shown by proof of intent to make the change coupled with
> positive action on the part of the insured evidencing an exercise
> of the right to change the beneficiary.[4]

Further, the reasonableness of MEBA's decision is irrelevant because MEBA did not reach a final decision regarding the beneficiary of Mr. Summerville's MPB.

Defendant argues that the Court should follow *Bernstein v. CapitalCare, Inc.*[5], *Sheppard & Enoch Pratt Hosp. v. Travelers Ins. Co.*[6], and *Berry v. Ciba-Geigy*[7] and limit the scope of review to the record before MEBA. Not one of these cases is an interpleader action. Not one of these cases is a dispute between competing claimants to a decedent's ERISA-regulated benefit. The insurers in the cases cited by Defendant each had something at stake, MEBA has washed its hands of Mr. Summerville's MPB.

### B. ABUSE OF DISCRETION CANNOT BE APPLIED WHERE NO DECISION HAS BEEN MADE

Defendant argues that this Court should apply the standard of review of abuse of discretion to any decision by MEBA regarding the rightful beneficiary to Mr. Summerville's MPB. There can be no review of a decision that has not been made. MEBA did not reach a final decision and waived any rights to strict compliance with its procedures by filing this interpleader action, depositing the funds with the Court, and effectively asserting a neutral position.[8]

In her Motion for Summary Judgment, Defendant cites *Ellis v. Metropolitan Life Ins. Co.*[9] and *Questech, Inc. v. Hartford Acc. & Indem. Co.*[10] to support her argument that abuse of

---

[4] *Id* quoting *United States v. Pahmer*, 238 F. 2d 431, 433 (2d Cir. 1956), *cert. denied,* 352 U.S. 1026, 1 L. Ed. 2d 597, 77 S. Ct. 592 (1957).
[5] 70 F. 3d 783 (4th Cir. 1995).
[6] 32 F. 3d 120 (4th Cir. 1994).
[7] 761 F. 2d 1003 (4th Cir. 1985).
[8] *See Minnesota Mutual Life Ins. Co. v. Rupe,* 163 F. Supp. 352 (D. W. Va. 1958).
[9] 126 F. 3d 228 (4th Cir. 1997).

discretion applies to any decision made by MEBA and that Plaintiff bears the burden of proving that MEBA's decision was unreasonable.[11]  First, MEBA did not make a final decision as to the rightful beneficiary.  Plaintiff does not dispute that MEBA filed the interpleader action to avoid paying the incorrect beneficiary, possibly resulting in paying twice.  However, in addition, MEBA filed the interpleader action to "resolve the dispute as to which of the two competing claimant-Defendants is entitled to receive Daniel R. Summerville's vested MPB benefit."[12]  MEBA requested the Court to make the decision that it could not make.

Defendant asserts that Plaintiff challenged MEBA's decision, therefore, she bears the burden of proving that the plan's decision was unreasonable, amounting to an abuse of discretion.  This is not the case.  The dispute is between Plaintiff and Defendant.  Plaintiff has not filed a complaint against MEBA, she was brought into this suit by the interpleader action in the same manner as Defendant.

Further, Defendant seems to advocate on behalf of MEBA, who is essentially a neutral party in the dispute between Plaintiff and Defendant.  MEBA cannot have it both ways—avoid the possibility of paying the MPB twice and uphold *one* of its decisions, to pay the MPB to Defendant.[13]  The Complaint is in fact entitled:  "Complaint for Interpleader and To Resolve A Dispute Between Competing Claimants for Entitlement to a Benefit from an Employee Benefit Plan."

---

[10] 713 F. Supp. 956 (E.D. Va. 1989).
[11] Neither case is an interpleader action between disputing claimants.
[12] *See* Complaint, p. 8, ¶ 3.
[13] Defendant chooses to ignore MEBA's original decision to pay the MPB to Plaintiff.

### C.    MEBA WAIVED STRICT COMPLIANCE TO ITS PROCEDURES BY FILING THIS INTERPLEADER ACTION

Defendant argues that Mr. Summerville's change of beneficiary form is void because it does not meet MEBA's requirements under The Plan. Again, MEBA filed an interpleader action with this Court, thereby waiving strict compliance with its requirements.

> An insurance company is held to waive such provision, so far as it is concerned, when it files a bill of interpleader and deposits the insurance money in Court, and pleads a willingness to pay the insurance fund to whichever one of rival claimants the Court may decide to be rightfully entitled thereto.[14]

The fact that Mr. Summerville only signed one line on the change of beneficiary form does not render the change of beneficiary void because MEBA waived strict compliance to its procedures.[15]

Further, Defendant argues that "given that Daniel himself provided no evidence of his intent other than the original designation in favor of [Defendant], no conclusions can now be reached about his thoughts, intents, motives, feelings, etc." This statement is simply false. Mr. Summerville expressed his intentions to Plaintiff, her mother, and a family friend. He obtained a change of beneficiary form, went to a notary public to sign the form, executed it to the best of his ability, and mailed it to MEBA. Two years passed and MEBA never questioned the validity of the form. Mr. Summerville died in April 2002 and MEBA initially concluded that Plaintiff was entitled to the MPB. Clearly, Mr. Summerville provided substantial evidence regarding his intention to change the beneficiary from Defendant to Plaintiff.

---

[14] *Phoenix Mut. Life Ins. Co. v. Cummings,* 67 F. Supp. 159, 163 (W.D. Mo. 1946).
[15] *See Shenandoah Life Ins. Co. v. Harvey,* 242 F. Supp. 680 (D. Md. 1965).

In *Metropolitan Life Ins. Co. v. Hall*,[16] the decedent did not complete the requisite form to change the beneficiary of her ERISA-regulated benefit at all. However, applying the holding in *Phoenix*[17] the Fourth Circuit held that the decedent did everything in her power to change the beneficiary from her ex-husband to her current husband, stating "[defendant's] argument that [decedent's] change of beneficiary was invalid because she did not comply with the life insurance policy's requirement of completing a new beneficiary designation form is beside the point."[18] It is also beside the point that Mr. Summerville signed the change of beneficiary on one line and not the other. To determine whether Mr. Summerville's change of beneficiary was effective, the Court should apply the federal common law doctrine of substantial compliance as stated in *Phoenix*.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied

                                                                       /s/
                                           JEFFREY A. WOTHERS
                                           Federal Bar No. 09439
                                           CRISTINA A. MILNOR
                                           Federal Bar No. 26973
                                           Niles, Barton & Wilmer, LLP
                                           111 S. Calvert Street
                                           Suite 1400
                                           Baltimore, MD 21202
                                           Telephone (410) 783-6300
                                           **Attorneys for Plaintiff**

---

[16] 9 F. Supp. 2d 560 (D. Md. 1998).
[17] The federal common law doctrine of substantial compliance provides: Pursuant to federal common law, an insured substantially complies with the change of beneficiary provisions of and ERISA life insurance policy when the insured: (1) evidences his or her intent to make the change and (2) attempts to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required by the change of beneficiary provisions of the policy. *Phoenix Mutual Life Ins. Co. v. Adams,* 30 F. 3d 554, 564 (4th Cir. 1994).
[18] *Metropolitan Life Ins. Co. v. Hall* at 563.