Source: Legal > Cases - U.S. > Federal Cases, Combined Courts
Terms: interpleader and plan or insurer and benefi! and waive! w/p strict compliance (Edit Search)

☐ Select for FOCUS™ or Delivery

2002 U.S. Dist. LEXIS 13757, *

METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff, - against - KATHRYN COSTELLO, ANDREW COSTELLO LORI COSTELLO, EUGINA FARLOW, and MARIE GARDNER, Defendants.

01-CV-1751 (NG)

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

2002 U.S. Dist. LEXIS 13757

July 25, 2002, Decided
July 25, 2002, Filed

**DISPOSITION:** [*1] Defendants' motion for summary judgment denied without prejudice to moving for summary judgment at the close of discovery.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff **insurer** brought an **interpleader** action under the Employee Retirement Income Security Act (ERISA), 29 U.S.C.S. § 1001 et seq., against defendants, designated **beneficiaries** under the **insurer's** life insurance policy covering the decedent, and a putative **beneficiary**, seeking a determination of which party or parties were entitled to the insurance proceeds. The designated **beneficiaries** moved for summary judgment.

**OVERVIEW:** The putative **beneficiary** contended that the decedent intended and attempted to change his **beneficiary** designation to include the putative **beneficiary** as a designated **beneficiary** and to exclude certain of the previously designated **beneficiaries**. The designated **beneficiaries** asserted that, since review under ERISA was confined to the administrative record, which included only the formal record naming the designated **beneficiaries**, they were entitled to the proceeds under the policy. The court held, however, that review was not limited to the administrative record since the **insurer's** institution of the **interpleader** action constituted a **waiver** of precise compliance with the terms of a change of **beneficiary** provision. Thus, the decedent's intent to change the **beneficiary** designation, coupled with some positive action to accomplish that intent, could establish that the decedent in fact changed his **beneficiaries** to include the putative **beneficiary**.

**OUTCOME:** The designated **beneficiaries'** motion for summary judgment was denied without prejudice.

**CORE TERMS:** beneficiary, designation, discovery, positive action, insured, change of beneficiary, summary judgment, insurer, interpleader, evidencing, coupled, waives, personnel, life insurance, interpleader action, moving party, formalities, insurance policy, sufficient to overcome, deposition, signature, briefcase, ex-wife

**LexisNexis(TM) HEADNOTES - Core Concepts** – ♦ Hide Concepts

    Civil Procedure > Summary Judgment > Summary Judgment Standard
**HN1** Motions for summary judgment are granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.

    Civil Procedure > Summary Judgment > Burdens of Production & Proof
**HN2** The party moving for summary judgment must demonstrate the absence of any material factual issue genuinely in dispute. The court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion.

    Civil Procedure > Summary Judgment > Burdens of Production & Proof
**HN3** The non-moving party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment. The party must produce specific facts sufficient to establish that there is a genuine factual issue for trial.

    Civil Procedure > Joinder of Claims & Parties > Interpleader
    Insurance Law > Life Insurance > Beneficiaries
**HN4** The means of effecting a change of **beneficiary** is important only to the insured and the **insurer** and mainly for the **insurer's benefit**. **The insurer waives** precise compliance with the terms of a change of owner or **beneficiary** provision once it institutes an **interpleader** action and submits the insurance policy proceeds to the court, thereby withdrawing itself from the action. In **interpleader** actions where two sets of individuals claim that they are entitled to the proceeds, change of **beneficiary** may be shown by proof of intent to make the change coupled with positive action on the part of the insured evidencing an exercise of the right to change the **beneficiary.**

    Insurance Law > Life Insurance > Beneficiaries
**HN5** In **interpleader** actions between two individuals who claim to be the proper **beneficiary**, intent to change a **beneficiary** coupled with positive action is sufficient to overcome the failure to comply precisely with the terms of a change of **beneficiary** provision.

**COUNSEL:** For Plaintiff: Norman Tolle.

For Defendants: Mortimer Lawrence, Robert Latronica.

**JUDGES:** NINA GERSHON, United States District Judge.

**OPINIONBY:** NINA GERSHON

**OPINION:** ORDER

GERSHON, United States District Judge:

Plaintiff Metropolitan Life Insurance Company ("Metropolitan") brings this action, by **interpleader** complaint, under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 et seq., against defendants Kathryn Costello, Andrew Costello, Lori Costello, Eugenia Farlow n1 (collectively "the Costellos"), and Marie Gardner ("Gardner"). Upon depositing the sum of $ 138,480.66 into the registry of the court, plaintiff was dismissed with prejudice on September 27, 2001. The Costellos now move for summary judgment against Gardner pursuant to Fed. R. Civ. P. 56. Both sides agree that, if the motion is denied, more time will be required to complete discovery.

- - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 Eugenia Farlow is improperly named Eugina Farlow in the complaint.

- - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - [*2]

FACTS

Although neither side submitted a Rule 56.1 statement as required by the local rules, the following facts appear undisputed, unless otherwise indicated.

Plaintiff issued its Group Insurance Policy Number 18007-G ("the Policy") to NYNEX Corp., now known as Verizon, in which certain employees, including Robert Costello, were insured. On April 3, 2000, Robert Costello died. At the time of his death, Robert Costello was insured under the Policy in the amount of $ 44,000 of basic life insurance and $ 176,000 of supplemental life insurance, and Verizon had on file a **beneficiary** designation dated May 3, 1995 listing as primary **beneficiaries** the following: Kathryn Costello, wife 40%; Andrew Costello, son 25%; Lori Costello, daughter 25%; Eugina Farlow, identified as landlady 10%. On June 1, 2000, Gardner submitted a **Beneficiary's** Life Insurance Claim Statement for the proceeds. In support of her claim, Gardner submitted a copy of a **beneficiary** designation dated March 20, 2000, naming herself and Kathryn Costello as primary **beneficiaries** to share the proceeds equally. Robert Costello's signature is in the incorrect place on the form, and there is no witness's signature on the [*3] form. This **beneficiary** designation form was not on file with Verizon. The only **beneficiary** designation form in Metropolitan's administrative file is the May 3, 1995 **beneficiary** designation, but Gardner claims that the local personnel office of Verizon has not cooperated with discovery on the issue whether there is any other **beneficiary** designation on file with the local personnel office. The policy permits an insured individual to change the **beneficiary** of the policy, but provides that "no change in this Policy will be valid unless it is approved by an authorized officer of Metropolitan. Each such change must be evidenced by an amendment signed by both the Employer and by Metropolitan or by an endorsement signed by Metropolitan."

DISCUSSION

Summary Judgment Standards

HN1 Motions for summary judgment are granted if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995). HN2 The moving party must demonstrate the absence of any material factual issue genuinely in dispute. *Id.* The court must view the inferences to be drawn from the facts in the light [*4] most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). However, HN3 the non-moving party may not "rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986). The party must produce specific facts sufficient to establish that there is a genuine factual issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

The Costellos' Summary Judgment Motion

The Costellos argue that they are entitled to summary judgment, and that no further discovery is required, because this court may consider only evidence in the administrative file, and the only **beneficiary** designation in the administrative file prior to Robert Costello's

death is the May 3, 1995 **beneficiary** designation. In support of their contention that this court may consider only evidence in the administrative file, the Costellos rely on *Miller v. United Welfare Fund,* 72 F.3d 1066, 1071 (2d Cir. 1995). [*5] However, *Miller* dealt with the scope of a district court's review of an insurance company's denial of health **benefits** to a **beneficiary**; there was not, as here, a dispute between two sets of individuals claiming to be **beneficiaries**. See id. HN4 "The means of effecting a change of **beneficiary** is important only to the insured and the **insurer** and mainly for the **insurer's benefit**. The **insurer** waives precise compliance with the terms of a change of owner or **beneficiary** provision once it institutes an **interpleader** action and submits the insurance policy proceeds to the court, thereby withdrawing itself from the action." *Provident v. Vergara,* 1995 U.S. Dist. LEXIS 14028, 1995 WL 571874 *2 (S.D.N.Y. Sept. 27, 1995), aff'd, 104 F.3d 350 (2d Cir. 1996). In **interpleader** actions where two sets of individuals claim that they are entitled to the proceeds, "change of **beneficiary** may be shown by proof of intent to make the change coupled with positive action on the part of the insured evidencing an exercise of the right to change the **beneficiary**." *United States v. Pahmer,* 238 F.2d 431, 433 (2d Cir. 1956), cert. denied, 352 U.S. 1026, 1 L. Ed. 2d 597, 77 S. Ct. 592 (1957). [*6]

In *Pahmer,* the Court of Appeals for the Second Circuit held that a mother could recover National Life Insurance proceeds from a policy on her veteran son, even though the only **beneficiary** of record was the son's ex-wife, because an improperly executed will found with the son when he committed suicide stated that the insurance proceeds were to go to his mother. See id. The Court of Appeals found that the document was proof of an intent to make a change, and positive action on the part of the son, despite the fact that he never sent any change of **beneficiary** to the Veteran's Administration. See id. The Court of Appeals held that this intent coupled with positive action was sufficient to overcome the fact that the son had not complied with the technicalities of the insurance policy and that the ex-wife was the only **beneficiary** of record. See id.

New York state courts that have addressed the issue have also held that, HN5 in **interpleader** actions between two individuals who claim to be the proper **beneficiary**, intent to change a **beneficiary** coupled with positive action is sufficient to overcome the failure to comply precisely with the terms of a change of **beneficiary** provision. [*7] See *Cable v. Prudential Insurance Co.,* 89 A.D.2d 636, 636, 453 N.Y.S.2d 86 (3rd Dept. 1982); *Hunnell v. Hunnell,* 45 A.D.2d 521, 523, 359 N.Y.S.2d 926 (4th Dept. 1974); *Aetna Life Insurance Co. v. Sterling,* 15 A.D.2d 334, 335, 224 N.Y.S.2d 146 (1st Dept.), aff'd, 11 N.Y.2d 959, 229 N.Y.S.2d 9, 183 N.E.2d 325 (1962). Even the cases cited by the Costellos in favor of their claim that this court should not look beyond the administrative record note that the intent of the parties should govern. See *Gould v. Travelers Ins. Co.,* 266 A.D. 545, 548, 42 N.Y.S.2d 817 (Surr. Ct. Onondaga Co. 1963) (holding that "we deem, however, that the intention of the parties should control."); *Cantala v. Travelers Ins. Co.,* 107 N.Y.S.2d 24, 26 (Supp. Ct. N.Y. Co. 1951) (holding that "the insured's clear intent, and unequivocal and complete act should not be thwarted after his death because the **insurer** did not comply with formalities intended for its protection, and which formalities it now **waives**."); *Mutual Life Ins. Co. v. Gervasini,* 178 Misc. 121, 33 N.Y.S.2d 278 (Supp. Co. N.Y. Co.), [*8] aff'd, 265 A.D. 847, 38 N.Y.S.2d 362 (1st Dept. 1942) (holding that in an **interpleader** action, the **insurer waives strict compliance** with the requirements for changing a **beneficiary**, and leaves it to the court to determine who is entitled to the funds).

Gardner argues that further discovery, in particular the deposition of Andrew Costello, who had access to Robert Costello's briefcase after his death, is needed to develop her theory that documents completed by Robert Costello prior to his death indicate his intent to change the **beneficiary** and constitute positive action on Robert Costello's part evidencing an exercise of his right to change the **beneficiary**. Gardner claims that, prior to his death, Robert Costello submitted a change of **beneficiary** form to the local Verizon personnel office, changing the **beneficiaries** to Gardner and Kathryn Costello, but the form was returned to him because there was a new post office box to which to mail the forms, and there were changes to the

forms. Gardner claims that this returned form, along with the March 20, 2000 form, were in Robert Costello's briefcase at the time of his death.

Clearly, discovery is needed to determine whether [*9] the purported March 20, 2000 **beneficiary** designation indicates Robert Costello's intent to change the **beneficiary** and constitutes positive action on Robert Costello's part evidencing an exercise of his right to change the **beneficiary**. The Costellos' motion for summary judgment is denied without prejudice to moving for summary judgment at the close of discovery. The Costellos' unopposed motion to extend the time to respond to outstanding discovery requests, including to produce Andrew Costello for deposition to thirty (30) days from the date of this order is granted. The parties are directed to advise the undersigned and the Magistrate Judge in writing by September 15, 2002 as to the status of the case.

SO ORDERED.

NINA GERSHON

United States District Judge

Dated: Brooklyn, New York

July 25, 2002

Source: Legal > Cases - U.S. > Federal Cases, Combined Courts
Terms: interpleader and plan or insurer and benefi! and waive! w/p strict compliance (Edit Search)
View: Full
Date/Time: Thursday, June 26, 2003 - 2:49 PM EDT

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.