UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| MEBA PENSION TRUST, et al. | * | |
|    Plaintiffs, | * | |
| v. | * | Civil No. WDQ 03-158 |
| NIKKI SUMMERVILLE, et al. | * | |
|    Defendants, | * | |

\* \* \* \* \* \* \* \* \* \* \*

## REPLY BRIEF OF JANET SUMMERVILLE

Janet Summerville, by her undersigned counsel, replies to Nikki Summerville's (Nikki's) Opposition to Janet Summerville's (Janet's) Motion for Summary Judgment.

### INTRODUCTION

Nikki rather glibly characterizes this civil action and the issue before the Court as a dispute between "competing claimants" (Opposition, p. 1) in which the Court must "decide whether the change of beneficiary…was effective." Id. This premise, in large part, assumes key issues which are to be decided by the Court:

- ? whether there <u>was</u> a change in beneficiary designation;
- ? whether the Court <u>should</u> address the issue of intent; and
- ? whether there is proper evidence on which the Court could properly conclude that the Participant <u>intended</u> to make Nikki his beneficiary.

Nikki also asserts that the standard on review is not an issue, asserting that since the MEBA filed an interpleader action, its prior actions are of no moment and the MEBA did not reach a "final decision." Id. at 2. Again, this argument reaches a conclusion too

glibly. One of the issues before this Court is what <u>weight</u> should be given to the MEBA's actions and decisions—decisions which favored Janet but which, to avoid paying the claim twice, ended in an interpleader action rather than payment to Janet.[1]

In the present case, there is no judicial precedent presenting a directly parallel factual situation: an initial series of decisions and steps by the Plan, but culminating in a decision to file an Interpleader action. Although Nikki objects to the suggestion that this action be treated as a judicial review of a Plan decision, her logic—treat the matter as an Interpleader action with no history of actions by the Plan—is contrary to the known facts.

## ARGUMENT

I.   <u>The effect of the MEBA actions.</u>

The record here is clear that MEBA (1) was asked by Nikki to find that Daniel, the Plan Participant, had intended to make a change of beneficiary and (2) MEBA declined to agree with Nikki. MEBA opted to file an Interpleader only as a result of its concern about paying twice.

Nikki's arguments assert that the Court should ignore—and give no weight to—the MEBA actions and decisions. She cites no authority to support that concept, and no logic supports the Court rendering nugatory the Plan's own evaluations and actions.

II.  <u>MEBA did not waive compliance with Plan requirements.</u>

Nikki argues that, by filing the Interpleader, MEBA waived compliance with its Plan documents. This argument should be rejected.

---

[1] Nikki unfairly states that the MEBA "has washed its hands of Mr. Summerville's MPB." <u>Id.</u>, 3. Far from "washing its hands," MEBA's Trustees opted to seek a Court decision to avoid the risk of having to pay twice. Neither the Plan's Office nor the Trustees ever concluded (a) that it would not or could not interpret its own documents, or (b) that it had no idea which person should be paid the benefit. MEBA's Affidavit is before the court as Ex. A to Janet's Motion for Summary Judgment.

2

First, the allegations of the Complaint—largely admitted by Nikki in her Answer—are to the contrary. MEBA alleged, for example, that the Participant's signature on the change of beneficiary form was "required by the Plan" (¶ 15), that the Plan rejected Nikki's claim because Daniel "did not sign" the form on which Nikki relies (¶ 19), and that the Interpleader action was filed "in order to avoid the possibility of the Plan paying twice." (¶ 23). These allegations and actions were confirmed by the Affidavit of Allen R. Szymczak, Plan Administrator, MEBA Pension Trust, attached as Ex. A to Janet's Motion for Summary Judgment.

Second, Nikki has based her claim of entitlement on the doctrine of "substantial compliance," an ERISA federal common law, pre-empting the state law. The two waiver cases cited by Nikki in section C, p. 5, pertained to life insurance companies, not to ERISA Plans, and pre-dated ERISA. The Hall case, cited on p. 6, is a "substantial compliance" case, not a waiver case, and has been addressed by Janet in her Opposition to Nikki's Motion. In Metropolitan Life Ins. Co. v. Costello, 2002 U.S. Dist. Lexis 13757 (S.D. N. Y. July 25, 2002), cited by Nikki in p. 2 of her Opposition, there is no indication of any series of actions, evaluations or decisions by the Plan, and no indication that the Interpleader was filed to avoid the risk of paying twice. The Costello case, in sum, stands for application of the doctrine of substantial compliance, and the court there concluded that discovery was proper, rather than a summary judgment.

Third, the question of waiver itself involves an inquiry into whether MEBA intended to waive compliance with the Plan requirements. There is no evidence that it did. Thus, in the present case, there has been complete and strict compliance as to the

3

designation of Janet, and has not been strict compliance as to Nikki, and the Plan has never wavered from those conclusions.

    III.    Application of the doctrine of substantial compliance does not result in an award of funds to Nikki.

Nikki bases her claim on the doctrine of substantial compliance, as fully set out in her original Brief in Support of her Motion for Summary Judgment and in her Opposition to Janet's Motion.

As fully set forth in Janet's Opposition to Nikki's Motion, the doctrine of substantial compliance, even if applied to these facts, does not result in an award of the benefit to Nikki. Nikki relies on inadmissible evidence, Daniel did not unmistakably manifest his "intent to make the change," nor did he "attempt to effectuate the change by undertaking positive action which is for all practical purposes similar to the action required" by the policy. Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 564 (4th Cir. 1994).

## CONCLUSION

For the foregoing reasons, Janet Summerville respectfully requests that Janet's Motion for Summary Judgment be granted, and Nikki's Motion for Summary Judgment denied.

                                                      /s/
                                        Nell B. Strachan
                                        Federal Bar No.: 00408
                                        2 Hopkins Plaza
                                        Baltimore, Maryland 21201
                                        410-244-7464

Attorney for Janet Summerville

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of July, 2003, copies of the foregoing Reply Brief of Janet Summerville were mailed, first class, postage prepaid, to:

>Barbara Kraft, Esquire
>Richard W. Gibson, Esquire
>Beins, Axelrod, Kraft, Gleason & Gibson, P.C.
>1717 Massachusetts Avenue, Suite 704
>Washington, D.C. 20036
>**Attorneys for MEBA Pension Trust**

and

>Jeffrey A. Wothers, Esquire
>Cristina A. Milnor, Esquire
>Niles, Barton & Wilmer, LLP
>Suite 1400
>111 South Calvert Street
>Baltimore, Maryland 21202
>**Attorneys for Nikki Summerville**

_____/s/_____
Nell B. Strachan