UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| **MEBA PENSION TRUST, et al.** | * | |
| | * | |
|    **Plaintiffs** | * | |
| v. | * | Civil No.:  L03 CV 158 |
| **NIKKI SUMMERVILLE, et al.** | * | |
| | * | |
|    **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      This is an interpleader action filed by MEBA Pension Trust ["MEBA"] pursuant to Fed. R. Civ. P. 22 against Nikki Summerville ["Plaintiff"] and Janet Summerville ["Defendant"]. Daniel Summerville, a participant in MEBA's employee benefit plan, was vested in a MEBA Money Purchase Benefit ["MPB"] individual contribution account, to which Plaintiff and Defendant are competing claimants. (Complaint ¶¶ 10, 13)

**REPLY**

*This is an Interpleader Action*

    **A.**    **Deference to the Plan's Decision**

Defendant argues that Plaintiff fails to address the legal effect of the discretion conferred on MEBA in making a decision concerning the MPB. First and foremost, MEBA filed this Interpleader action so that this Court could reach a decision as to the rightful beneficiary to the MPB. Defendant claims that MEBA filed the action only to avoid paying twice, yet the title of MEBA's Complaint is "Complaint for Interpleader and to Resolve a Dispute Between Competing Claimants for Entitlement to a Benefit from an Employee Benefit Plan." Secondly, MEBA is not entitled to now demand strict compliance with its procedures.

> An insurance company is held to waive such provision, so far as it is concerned, when it files a bill of interpleader and deposits the insurance money in Court, and pleads a willingness to pay the insurance fund to whichever one of rival claimants the Court may decide to be rightfully entitled thereto.[1]

This action is between Plaintiff and Defendant, the competing claimants. It is not Plaintiff against MEBA and Defendant. Although Defendant continues to insist that this action is an appeal of a decision made by MEBA, it is clearly an interpleader suit filed by MEBA to resolve the dispute between Plaintiff and Defendant. Therefore, it is not necessary or proper for Plaintiff to address the legal effect of the discretion conferred on MEBA in making a decision concerning the MPB.

### B.    Substantial Compliance

In addressing whether Mr. Summerville substantially complied with the requirements of MEBA's change of beneficiary form for the MPB, Defendant states that Mr. Summerville "did not sign any document designating Nikki as his beneficiary for the Money Purchase Benefit."

---

[1] *Phoenix Mut. Life Ins. Co. v. Cummings,* 67 F. Supp. 159, 163 (W.D. Mo. 1946).

This is clearly false, yet Defendant continues to state that Mr. Summerville did not sign the form. (*See Exhibit 9*)  The discrepancy arises out of the fact that Plaintiff also signed the form on a second line that was to be signed by Mr. Summerville.

Defendant argues that there is no evidence to show any intention on the part of Mr. Summerville to change the beneficiary to Plaintiff.  Mr. Summerville's actions showed a clear intention to change the beneficiary to Plaintiff.  He took such positive steps as obtaining the change of beneficiary form, completing it, signing it in front of a notary, and returning it to MEBA.  Mr. Summerville believed the change was made and apparently, MEBA did as well.  MEBA mailed Plaintiff a letter stating that she was the designated beneficiary of the MPB benefits.  (*See Exhibit 1*)

Defendant cites *Steamship Trade Ass'n v. Bowman*[2] to support her theory that Mr. Summerville did not substantially comply with the requirements of the MPB change of beneficiary form.  In *Steamship*, there was no question as to whether a change of beneficiary was effectuated.  That case concerned two different benefits, proceeds from a life insurance policy and death benefits under a pension plan.  One of the claimants argued that because she was designated as beneficiary of the death benefits, she was also entitled to the life insurance proceeds, although the other claimant was clearly designated as the beneficiary.  The decedent did not take any steps to change the beneficiary of the life insurance benefits and there was

---

[2] 247 F.3d 181 (4th Cir. 2001).

no evidence of any intention to do so.  Therefore, *Steamship* is distinguishable from the case now before the Court.[3]

### C.     Plaintiff's Affidavits

Defendant argues that Plaintiff's evidence is replete with rank hearsay without specifying particular statements, simply stating that the affidavits should be rejected by the Court.  Plaintiff reiterates that Daniel Summerville's statements are admissible pursuant to F.R.E. 803(3) as evidence of Mr. Summerville's then existing state of mind, specifically his intent.  *See Phoenix Mutual Life Ins. Co. v. Adams,* 30 F. 3d 554, 566 (4th Cir. 1994) (holding that decedent's statements to his wife regarding his intentions of changing his beneficiary were admissible under F.R.E. 803(3) as evidence of the decedent's then existing state of mind).

### *Additional Factual Information Provided by Defendant*

### A.     Defendant Janet Summerville's Affidavit

Despite her argument that the Court's decision should be based on the record as it appeared before MEBA, Defendant provides additional factual information, including an affidavit of her own.  In Defendant's responsive affidavit, she provides no insight into the intentions of Daniel Summerville nor does she deny that she had a strained relationship with Daniel Summerville, as stated in the affidavit of Patti Summerville.  (*Exhibit 7*, ¶¶ 19, 20)   Defendant argues that Daniel Summerville wished for his estate to be divided equally among his two

---

[3] Defendant also cites *Suntrust Bank v. Aetna Life Ins. Co.*, 251 F. Supp. 2d 1282 (E.D. Va. 2003).  This is not an interpleader action and is not relevant to the case now before the court.

children and that he had not become alienated from or lost confidence in Defendant because she was named executor of his will.  This is irrelevant.

In the same paragraph, Defendant acknowledges that she resigned as executor of Mr. Summerville's will.  (Affidavit of Janet Summerville, ¶ 10)  She further recognizes that the MPB was not part of Mr. Summerville's estate and has nothing to do with his will.  (*Id.*)  Defendant did not show interest in Mr. Summerville's estate or MPB until she learned that there was a discrepancy with the MEBA change of beneficiary form concerning a large sum of money in the MPB and that she was previously designated as beneficiary.

Defendant's affidavit does not change the undisputed facts:  Mr. Summerville obtained the change of beneficiary form, completed it to the best of his ability, signed the form in front of a notary, and returned it to MEBA.  He intended to change the beneficiary on the MPB from Defendant to Plaintiff and he did all he could to effect such a change.

### B. Plaintiff's Receipt of Mr. Summerville's 401(k) Benefits

Defendant attached a 401(k) beneficiary designation form to her Response.  The form indicates that Mr. Summerville designated Plaintiff as the beneficiary of his 401(k) plan.  Defendant acknowledges that, similar to the MPB change of beneficiary form, this form was partially completed by Plaintiff, in her handwriting.  This is absolutely true, it was completed in the same way in which the MPB change of beneficiary form was completed.  Plaintiff and Mr. Summerville completed the forms together, each of them completing a section.

Defendant is correct in stating that this form is significant. This form further demonstrates Mr. Summerville's intentions of leaving his benefits to Plaintiff. He completed the form with Plaintiff and had her sign underneath of his own signature, the same way in which he completed the MPB change of beneficiary form. This is further evidence of Mr. Summerville's intentions to provide for Plaintiff after his death.

## **CONCLUSION**

This case is not a review of any decision reached by MEBA. It is a dispute between two competing claimants to Daniel Summerville's MPB benefits and should be evaluated under the Federal Common Law Doctrine of Substantial Compliance as defined in *Phoenix Mutual Life Ins. v. Adams*[4]. Applying that standard, Mr. Summerville effectively changed the beneficiary from Defendant to Plaintiff and there is no genuine dispute of material fact in this case.

/s/
JEFFREY A. WOTHERS
Federal Bar No. 09439
CRISTINA A. MILNOR
Federal Bar No. 26973
Niles, Barton & Wilmer, LLP
111 S. Calvert Street
Suite 1400
Baltimore, MD 21202
Telephone (410) 783-6300
Fax (410) 783-6363
**Attorneys for Plaintiff**

---

[4] 9 F. Supp. 2d 560 (D. Md. 1998).